

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| CRYSTAL GILMORE, and RON MCCLELLAND, as Personal Representatives for the Estate of REX MCCLELLAND,<br><br>PLAINTIFFS,<br><br>-vs-<br><br>TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR MANUFACTURING, KENTUCKY, INC., TOYOTA MOTOR ENGINEERING AND MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR CREDIT CORPORATION, TOYOTA MOTOR INSURANCE SERVICES, INC., TOYOTA MATERIAL HANDLING, U.S.A., INC.,<br><br>DEFENDANTS. | CIV. 11-3031<br><br><br><br><br><br><br><br>**NOTICE OF REMOVAL** |

Defendants Toyota Motor Sales, U.S.A., Inc. ("TMS"), Toyota Motor Manufacturing, Kentucky, Inc. ("TMMK"), Toyota Motor Engineering and Manufacturing North America, Inc. ("TEMA"), Toyota Motor Credit Corporation ("TMCC"), Toyota Motor Insurance Services, Inc. ("TMIS"), and Toyota Material Handling, U.S.A., Inc. ("TMHU") (collectively referred to hereinafter as "Toyota Defendants") hereby remove this action from the Circuit Court for the Sixth Judicial District, Hughes County, to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. As grounds for this removal, the Toyota Defendants state as follows:

## FACTS

1. In their Complaint, Plaintiff Crystal Gilmore and Ron McClelland allege they were involved in a single-vehicle automobile crash on October 31, 2008, while riding in a Toyota Prius. (Compl. (Ex. 1) ¶¶ 1-3.) Plaintiffs contend that Ms. Gilmore

and decedent Rex McClelland sustained personal injuries in the crash—the latter's were allegedly fatal. (Compl. (Ex. 1) ¶ 4.)

2. The Complaint names TMS, TMMK, TEMA, and Toyota Motor Corporation ("TMC") as defendants and purports to assert five causes of action: Fraudulent Concealment, Strict Products Liability, Negligence, Breach of Express and Implied Warranties, and a Claim for Punitive Damages. (*See generally* Compl. (Ex. 1).)

3. Plaintiffs served a Summons Without Complaint on TMS on October 26, 2011, and on TMMK and TEMA on October 27, 2011.

4. Though not named as defendants in any of Plaintiffs' pleadings, TMHU, TMIS, and TMCC received service of Plaintiffs' Summons Without Complaint, as well, on October 25, 2011.

5. Plaintiffs have not served a summons or complaint on TMC.

6. On November 4, 2011, counsel for the Toyota Defendants served a Notice of Appearance and Demand for Complaint, demanding that Plaintiffs serve a copy of their Complaint in accordance with SDCL § 15-6-4(b). (*See* Not. of Appearance & Demand for Compl. (Ex. 1).)

7. Plaintiffs thereafter served their Complaint on the Toyota Defendants' counsel via U.S. Mail on November 28, 2011.

## PAPERS FROM REMOVED ACTION

8. As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders served on or by the Toyota Defendants in this action are attached to this Notice of Removal as Exhibit 1.

## **TIMELINESS OF REMOVAL**

9. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed:

    (a) Within thirty days after the Toyota Defendants received service of Plaintiffs' Complaint—the "initial pleading setting forth [Plaintiffs'] claim for relief upon which [this] action or proceeding is based"; and

    (b) Within one year of Plaintiffs' commencement of the action.

## **CONSENT**

10. All defendants on whom Plaintiffs have served a summons consent to and join in this removal.

11. TMC is not presently joining in or consenting to this removal because it has not yet been properly joined and served with a summons or the complaint. See *Marano Enters. of Kan. v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir. 2001) ("We hold that the later-served defendants in this case had thirty days from the date of service on them to file a notice of removal with the unanimous consent of their co-defendants."); *Universal Surety Co. v. Manhattan Fire & Marine Ins. Co.*, 157 F. Supp. 606, 609 (1958) ("[I]n joint actions against several defendants, all defendants who have been served with process must join in the petition for removal except where there is a separable controversy." (citing *Chi., R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245 (1900)); *Jones v. Kremer*, 28 F. Supp. 2d 1112, 1113 n.2 (D. Minn. 1998) (recognizing that consent is not needed "when a co-defendant has not been served at the time the removal petition is filed").

## VENUE

12. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division encompassing the state court where the action was pending.

## DIVERSITY JURISDICTION

13. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendants are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### Diversity of Citizenship

14. Plaintiff Gilmore is a citizen of the State of South Dakota, residing at 102 West Eighth Street, Pierre, South Dakota.

15. Plaintiff McClelland is a citizen of the State of South Dakota, residing at 2018 Coyote Street, Pierre, South Dakota.

16. At the time Plaintiffs commenced this action and as of the date of this Notice of Removal, TEMA has continuously been incorporated under the laws of the State of Kentucky with its principal place of business and nerve center in Erlanger, Kentucky. TEMA is not—nor was it ever—incorporated in any other state.

17. At the time Plaintiffs commenced this action and as of the date of this Notice of Removal, TMMK has continuously been incorporated under the laws of the State of Kentucky with its principal place of business and nerve center in Georgetown, Kentucky. TMMK is not—nor was it ever—incorporated in any other state.

18. At the time Plaintiffs commenced this action and as of the date of this Notice of Removal, TMS has continuously been incorporated under the laws of the

State of California with its principal place of business and nerve center in Torrance, California. TMS is not—nor was it ever—incorporated in any other state.

19. At the time Plaintiffs commenced this action and as of the date of this Notice of Removal, TMIS has continuously been incorporated under the laws of the State of California with its principal place of business and nerve center in Torrance, California. TMIS is not—nor was it ever—incorporated in any other state.

20. At the time Plaintiffs commenced this action and as of the date of this Notice of Removal, TMCC has continuously been incorporated under the laws of the State of California with its principal place of business and nerve center in Torrance, California. TMCC is not—nor was it ever—incorporated in any other state.

21. At the time Plaintiffs commenced this action and as of the date of this Notice of Removal, TMHU has continuously been incorporated under the laws of the State of California with its principal place of business and nerve center in Irvine, California. TMHU is not—nor was it ever—incorporated in any other state.

22. At the time Plaintiffs commenced this action and as of the date of this Notice of Removal, TMC has continuously been incorporated under the laws of Japan with its principal place of business and nerve center at 1, Toyota-cho, Toyota City, Aichi Prefecture 471-8571, Japan. TMC is not—nor was it ever—incorporated in any state of the United States.

## Amount in Controversy

23. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

24. The Complaint alleges that Plaintiff Gilmore "suffered extensive injuries as a result of the wreck," including head injuries, broken bones, bruising, and the loss of an unborn child. (Compl. (Ex. 1) ¶ 4.) She seeks damages to "compensate her and her unborn child for her injuries, harms, losses and expenses." (Compl. (Ex. 1).)

25. The Complaint alleges that Rex McClelland "was killed" in the crash. (Compl. (Ex. 1) ¶ 4.) Purporting to be the personal representative of Rex McClelland's estate, Plaintiff McClelland seeks damages to "compensate the estate of Rex McClelland for his death, loss of society and companionship, funeral expenses, lost income, and any other injuries, harms or losses." (Compl. (Ex. 1).)

26. Plaintiffs have also asserted a claim for punitive damages. (Compl. (Ex. 1) ¶¶ 25-28.)

## NOTICE OF FILING NOTICE OF REMOVAL

27. In accordance with 28 U.S.C. § 1446(d), the Toyota Defendants have filed a copy of this Notice of Removal with the Clerk of the Circuit Court for the Sixth Judicial District, Hughes County, to effect this removal.

## CONCLUSION

28. There is now—and there was at the time of commencement of this lawsuit—complete diversity of citizenship among the parties with an amount in controversy that exceeds the jurisdictional minimum. Consequently, this Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1332, and the case falls within this Court's removal jurisdiction pursuant to 28 U.S.C. § 1441(a) and (b).

WHEREFORE, the Toyota Defendants hereby remove this action to this Court for all future proceedings and trial.

Respectfully submitted,

DATED: December 27, 2011.

/s/ Robert B Anderson

Robert B. Anderson
rba@magt.com
MAY, ADAM, GERDES & THOMPSON LLP
503 South Pierre Street
P.O. Box 160
Pierre, SD  57501
Telephone:  605-224-8803
Facsimile:  605-224-6289
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 27, 2011, I electronically filed the foregoing Notice of Removal with the Clerk of the Court by using the CM/ECF system and also served a copy of the same via U.S. Mail, first-class postage prepaid, upon the following:

Lee C. "Kit" McCahren, Esq.
OLINGER, LOVALD, MCCAHREN & REIMERS, P.C.
117 East Capitol
P.O. Box 66
Pierre, SD  57501-0066
**Attorneys for Plaintiffs**

/s/ Robert B Anderson

7